■ ROSE FRIEDMAN, Respondent, v. GRACE GUTHRIE, Appellant.— Order, entered September 8, 1964, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and plaintiff's motion to vacate order of dismissal denied, with $10 costs. The plaintiff allegedly sustained injuries in a fall on a sidewalk in February, 1960. This action was commenced in February, 1963, two days before the action would have been barred by the Statute of Limitations; but, notwithstanding the prompt appearance by the defendant in the action, no complaint was served. Defendant's motion to dismiss for lack of prosecution, made in February, 1964, was granted with leave to plaintiff to move to vacate the dismissal upon a proper affidavit of merits signed by her. Not only has the plaintiff failed to present an adequate excuse for her default in the service of a complaint, but she also has failed to present an adequate affidavit showing merit

to this action against an abutting owner. Therefore, her motion should have been denied. (*Cronin* v. *City of New York*, 18 A D 2d 995; *Sortino* v. *Fisher*, 20 A D 2d 25, 31, 32.) The plaintiff's affidavit states that "a group of unsupervised children ran into and jostled your deponent, thereby causing your deponent to be thrown violently to the ground." The defendant, as abutting owner, would not be responsible for the action of children on the public sidewalk and a case against the defendant is not made out by her further conclusory allegations of a "broken, cracked, uneven and defective condition" of the sidewalk, and that the same "constituted a trap, hazard and nuisance", and the general statement that the same "largely contributed" to her injuries. It does not appear that plaintiff has a meritorious cause of action. The plaintiff's arguments premised on the provisions of CPLR 3216 are irrelevant. A motion to dismiss grounded upon a failure to serve a complaint and a denial of a motion by plaintiff to open a default in such service is not "based upon the failure of the plaintiff to serve and file a note of issue within the time limited therefor by law or rule". (See CPLR 3216.) Concur — Valente, J. P., McNally, Eager and Steuer, JJ.